KIRKPATRICK v. EASTERN MILLING & EXPORT CO.

Appeal of LOCHER et al.

(Circuit Court of Appeals, Third Circuit. May 1, 1905.)

No. 31.

1. CORPORATIONS—RECEIVERS—RIGHT OF PLEDGEE TO RECOVER POSSESSION OF STOCK CERTIFICATES.

A corporation assigned to a bank, as collateral security for a loan, an underwriting agreement by which the subscribers agreed to take an issue of its bonds, and were to receive as a bonus a certain amount of its stock. The agreement and bonds were delivered to the bank, and certificates of stock in amounts corresponding to those required by the agreement were signed, but for some reason were not delivered. The corporation became wholly insolvent, and receivers were appointed in proceedings to wind it up, who came into possession of such certificates. *Held* that, as against the receivers, the bank was entitled to an order for

possession of the certificates, to enable it to tender the same to the underwriters in support of a suit on the agreement.

  · [Ed. Note.—Rights and liabilities of pledgees of corporate stock, see note to Frater v. Old Nat. Bank, 42 C. C. A. 135.]

2. SAME—APPLICATION FOR ORDER ON RECEIVERS—COLLATERAL ISSUES.

    On a petition for such an order in the receivership suit, the court cannot consider or determine any defenses which the underwriters may have to their liability to the bank on the agreement.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 135 Fed. 146.

Reynolds D. Brown, for appellants.
H. Gordon McCouch, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The brief of counsel for the appellee puts the question for decision thus: "The only question here presented is whether the bank is entitled to the possession of the stock as against the receivers." This we accept as a substantially correct proposition.

We think the Circuit Court was right in holding that the appellants could not in this proceeding set up any defenses which they may have against their alleged liability under the memorandum of agreement of January 29, 1903, between the Eastern Milling & Export Company and the underwriting subscribers thereto. This proceeding was not brought to enforce the alleged liability of the respondents (the appellants) as subscribers to that agreement, and no question touching their liability as underwriting subscribers is determinable herein. The sole purpose of the petitioner was to obtain possession of the stock certificates which were in the hands of the receivers. The only question here involved is the right to the possession of the stock certificates as between the Corn Exchange National Bank (the petitioner) and the receivers of the Eastern Milling & Export Company. The relief sought is stated in the twelfth section of the petition, in the words following:

"(12) That the question of the title to said certificates cannot now be properly determined and need not be considered, as they came into the hands of the receivers by the accident of their not having been delivered, as they should have been, at the time of the delivery of the assignment of the contract; and, in accordance with the principles and maxims of a court of equity, which considers that done which ought to have been done, it should now be decreed that the said certificates shall be surrendered to your petitioner, in order that its right to enforce the performance of the said contract of subscription shall not be defeated by the technical failure to tender the said stock; and your petitioner further shows that this order cannot prejudice or impair the defense of the said respondents, if any they have, and that they cannot reasonably and justly object to this order here prayed for."

The foregoing extract from the petition indicated the measure of relief prayed for, and the conditions under which it should be accorded.

Upon the facts here appearing, the petitioner, we think, was entitled to an order directing the receivers to turn over the stock cer-

tificates to the petitioner, but without prejudice to or impairment of any defense, of whatsoever nature it may be, which the underwriting subscribers may have against alleged liability.

In our view of the case, we are not called on to consider the question whether the memorandum of agreement of January 29, 1903—here designated the "underwriting agreement"—was assignable, and we express no opinion upon that question. We think the question is not properly determinable in this proceeding. This, as we have seen, the petition itself concedes. The defense grounded on the alleged nonassignability of the underwriting agreement should be left open to these appellants in any other suit or proceeding now pending or which may be instituted hereafter. We think that the court below intended to save to the respondent subscribers all their defenses, including the defense based on the alleged nonassignability of the subscription agreement. But it is suggested by the appellants that the decree is open to a different construction as respects this particular defense, and, to avoid possible misconstruction, we will amend the decree entered below by striking therefrom the words following:

"It is ordered, adjudged, and declared that the assignment of May 13, 1903, of the right, claim, and demand under a certain memorandum of agreement of January 30, 1903, between the Eastern Milling & Export Company and the subscribers thereto, was effective to carry title to the certificates of stock mentioned in the said memorandum of agreement of January 30, 1903."

And the decree of December 17, 1904, as thus amended, is affirmed.